**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Spec Painters, LLC, | Civil Action No.: 3:26-cv-02041-MGL |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | (Jury Trial Demanded) |
| Liberty Mutual Insurance Company, | |
| Defendant. | |

Plaintiff Spec Painters, LLC ("Spec Painters"), through its counsel, complaining of Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), alleges as follows:

## INTRODUCTION

1. This is a civil action under the Miller Act, 40 U.S.C. § 3131 et seq., to recover unpaid sums for labor and materials furnished in connection with a federal construction project.

2. Spec Painters furnished labor, materials, equipment, and services as a first-tier subcontractor on the Fort Jackson – Reception Complex Phase I Project located in Columbia, South Carolina ("Project").

3. Despite full performance and the furnishing of substantial additional work in prosecution of the Project, Spec Painters has not been paid amounts due.

4. Liberty Mutual issued the payment bond required by the Miller Act and is liable for those unpaid sums.

## PARTIES

5. Spec Painters is a limited liability company organized under the laws of the State of South Carolina, with its principal place of business located at 645 Rosewood Drive, Suite 201, Columbia, South Carolina, 29201.

6.      Upon information and belief, Liberty Mutual is a corporation incorporated under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116. Upon information and belief, Liberty Mutual is authorized to conduct business, and is actively engaged in the business of insurance, within the State of South Carolina under the regulation of the South Carolina Department of Insurance.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Miller Act, 40 U.S.C. § 3131 et seq.

8.      Venue is proper in this Court under 40 U.S.C. § 3133(b)(3)(B) because this action is brought in the judicial district in which the contract was to be performed and executed.

## FACTUAL ALLEGATIONS

9.      The United States, acting through the U.S. Army Corps of Engineers, entered into Contract No. W912HP21C2001 with J. Kokolakis Contracting, Inc. d/b/a Kokolakis Contracting ("Kokolakis") for construction of the Project.

10.      Because the contract exceeded $100,000, federal law required Kokolakis to furnish a payment bond for the protection of all persons supplying labor and materials in the prosecution of the work.

11.      Liberty Mutual executed the required payment bond as surety on behalf of Kokolakis.

12.      The payment bond is identified as Bond No. 015213052 and was issued for the protection of all persons supplying labor and materials for the Project. A true and correct copy of the payment bond identified as Bond No. 015213052 is attached here as **Exhibit A**.

13.     Spec Painters entered into a subcontract dated April 4, 2022, with Kokolakis to furnish labor, materials, equipment, and services for the Project. A true and correct copy of the subcontract between Spec Painters and Kokolakis is attached here as **Exhibit B**.

14.     Spec Painters furnished labor and materials in carrying out the work provided for in the prime contract.

15.     During the course of performance, Spec Painters was directed to perform substantial additional work beyond its original subcontract scope, including work resulting from project delays, resequencing, trade damage, multiple remobilizations, and field directives.

16.     Spec Painters performed all such work in good faith and in prosecution of the work provided for in the prime contract.

17.     All labor and materials furnished by Spec Painters were incorporated into the Project or were required for its completion.

18.     The total value of the labor and materials furnished by Spec Painters is approximately $509,529.78.

19.     To date, Kokolakis has paid only $208,107.00, leaving a balance due and owing of at least $301,422.78.

20.     In addition to this amount, Spec Painters has furnished additional labor and materials for extra and additional work, the full value of which will be proven at trial.

21.     More than ninety days have elapsed since Spec Painters last furnished labor and materials for which payment is sought.

22.     Spec Painters has not been paid in full for the labor and materials it furnished to the Project.

23. Spec Painters has made demand for payment upon Kokolakis and Liberty Mutual, but payment has not been made.

24. Spec Painters is bringing this action well within one year after the day on which Spec Painters last furnished labor and materials for the Project.

25. Spec Painters has satisfied all conditions precedent to bringing this action.

## FOR A FIRST CAUSE OF ACTION
(Miller Act – Payment Bond Claim)

26. Spec Painters repeats and realleges the allegations set forth in paragraphs 1–25 above, as if fully set forth here.

27. Under 40 U.S.C. § 3133(b)(1), every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished and that has not been paid in full within ninety days after furnishing such labor or material may bring a civil action on the payment bond.

28. Spec Painters furnished labor and materials in carrying out work provided for in the prime contract for the Project.

29. Spec Painters has not been paid in full within ninety days after it last furnished labor and materials.

30. Spec Painters is a proper claimant and intended beneficiary under the payment bond.

31. Liberty Mutual, as surety, is liable for the amount unpaid at the time this action is brought.

32. Liberty Mutual has failed and refused to pay the amounts justly due to Spec Painters under the payment bond.

33.     Spec Painters previously provided Liberty Mutual, with a proper demand for interest and attorneys' fees under S.C. Code Ann. § 27-1-15 and now reiterates that claim and demand.

34.     To the extent Liberty Mutual fails to comply with S.C. Code Ann.. § 27-1-15, or fails to conduct a reasonable and fair investigation, and fails to pay the undisputed amount due to Spec Painters, Liberty Mutual is liable to Spec Painters for interest and attorneys' fees in accordance with S.C. Code Ann. § 27-1-15.

35.     Spec Painters is entitled to recover from Liberty Mutual the amount unpaid at the time this action is brought, including at least $301,422.78, together with such additional amounts as may be proven at trial, plus interest as allowed by law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Spec Painters prays this Court enter judgment in its favor and grant the following relief:

A.     Enter judgment in favor of Spec Painters and against Liberty Mutual;

B.     Award damages in the amount of $301,422.78, together with such additional amounts as may be proven at trial;

C.     Award pre-judgment and post-judgment interest as allowed by law;

D.     Award Spec Painters its costs and attorneys' fees; and

E.     Grant such other and further relief as the Court deems just and proper.

*[Signature block to follow on next page]*

Dated: May 20, 2026
    Columbia, South Carolina

                **BRUNER POWELL WALL & MULLINS, LLC**

                */s/ Henry P. Wall*
                Henry P. Wall (Federal Bar No. 4891)
                Andrew L. Dubin (Federal Bar No. 14545)
                Post Office Box 61110 (29260)
                1735 St. Julian Place, Suite 200 (29204)
                Columbia, South Carolina
                Telephone: (803) 252-7693
                Facsimile: (803) 254-5719
                Email: adubin@brunerpowell.com
                Email: hwall@brunerpowell.com

                *Counsel for Plaintiff Spec Painters, LLC*